## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL CASE NO. 1:25-cr-00051-RC** |
| **v.** | : | |
| | : | |
| **LUSHAWN FOREMAN,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

From approximately January 2021 through April 2023, defendant Lushawn Foreman conspired with Michelle Shropshire[1] to steal approximately $81,206.81 from American Family Life Assurance Company ("AFLAC"), an insurance company based in Georgia. They did so by submitting no fewer than six fraudulent disability or health care claims to AFLAC on Foreman's behalf, claiming injuries that Foreman never had, and including forged and fraudulent claim forms and medical records that they themselves created. All the while, Foreman continued to work for the Washington Metropolitan Area Transit Authority ("WMATA") and collected her regular paychecks during the periods she was purportedly disabled. When Foreman learned of the government's investigation of this conduct, however, she promptly took responsibility and admitted to the scheme.

For this reason, the government recommends that the Court sentence the defendant to a within-guidelines sentence of three years of probation, $81,206.81 in restitution payable to victim AFLAC, $81,206.81 in a forfeiture money judgment, and a $100 special assessment. Such a sentence would be sufficient but not greater than necessary to comply with the purposes of sentencing.

---

[1] Shropshire and her co-defendant Harlisha Jones were indicted on June 12, 2025, in case number 1:25-cr-00174-RC.

## I.      Factual and Procedural Background

As noted in the Statement of Offense (ECF No. 6) and Final Presentence Investigation Report ("PSR") (ECF No. 15), at all relevant times, Foreman was employed by WMATA that operated in the District of Columbia and elsewhere.  Over a period of more than two years, Foreman and Shropshire repeatedly submitted false and fraudulent insurance claims to AFLAC for which AFLAC paid Foreman more than $80,000, after which Foreman paid a kickback to Shropshire for each claim.  At the time they submitted each claim, Foreman knew that she was not disabled and that the insurance claim was fraudulent.  She also knew that the "Physician's Statements" accompanying each claim were not in fact completed or signed by her physician, but rather were completed and signed by Shropshire.  In short, each of the six claims and the supporting documents submitted by Foreman and Shropshire were fraudulent insofar as none of the documents were completed or signed by a physician, Foreman was not injured on the dates indicated, Foreman continued to work for WMATA and collected her regular paychecks during the periods she was purportedly disabled, and Foreman was not treated by a physician on the dates indicated.

To her credit, once she was confronted with these facts, Foreman promptly admitted responsibility before she was criminally charged and agreed to plead guilty to one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349.   An information was filed on February 20, 2025 (ECF No. 1), and Foreman pleaded guilty on April 3, 2025.

As the parties noted in the plea agreement (ECF No. 5), Conspiracy to Commit Health Care Fraud carries a maximum sentence of ten years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3), (d); a term of supervised

release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## II.    U.S. Sentencing Guidelines

In the plea agreement, the parties contemplated, and the PSR writer agreed, that the defendant's offense level under the U.S. Sentencing Guidelines ("USSG") would be offense level 8 after giving 2 levels of credit for acceptance of responsibility and applying the zero-point offender provision of U.S.S.G. § 4C1.1.   The relevant USSG provisions at issue here are:

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a)(2) | Base Offense Level | 6 |
| U.S.S.G. § 2B1.1(b)(1)(D) | Loss Greater Than $40,000 | +6 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -2 |
| U.S.S.G. § 4C1.1 | Zero-Point Offender | -2 |
| | Total | 8 |

The PSR writer also concluded (and the parties agree) that the defendant has a criminal history score of zero putting her in Criminal History Category I.   At Criminal History Category I and total offense level of 8, the recommended guideline imprisonment range is 0 to 6 months, with a fine range of $2,000 to $20,000.   These are the guidelines as set forth in the parties' plea agreement.

## III.    The 18 U.S.C. § 3553(a) Factors Support a Sentence of Probation

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment.   18 U.S.C. § 3553(a)(2).   The Court also must consider the nature and circumstances of the offense, the history and characteristics of

the defendant, the kinds of sentences available, the sentencing range under the guidelines, any relevant policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victims.   18 U.S.C. § 3553(a)(1)-(7).

First, as to the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, a significant period of probation to include restitution is an appropriate sentence.   The defendant's participation in the fraudulent scheme was not a one-off event nor a crime of opportunity: it was a deliberate concerted offense, committed multiple times. In at least six separate instances, Foreman and Shropshire created and submitted fraudulent health care and disability claims to AFLAC, which included forged doctor signatures and other medical records for injuries and disabilities that Foreman never had.   It should also be noted that, as set out in the indictment charging Shropshire in case number 1:25-cr-00174-RC (ECF No. 2), Foreman was one of possibly dozens of WMATA employees who retained Shropshire's services to prepare and submit fraudulent claims to AFLAC.   Thanks to Foreman and others like her, Shropshire submitted no less than $362,035.14 in fraudulent claims to AFLAC, and the true number is certainly much higher.   However, the aggregate loss that was ultimately attributable to Foreman—as reflected in the Guidelines calculation of an offense level of 8 in the probation-eligible Zone A—was relatively limited.   Considering this, the requested sentence of a lengthy period of probation, restitution, and forfeiture would reflect the nature, circumstances, and seriousness of Foreman's own conduct.

Next, as to the need to promote respect for the law and to deter both Foreman and others from this type of criminal conduct, the requested sentenced would also serve to deter Foreman,

specifically, and other would-be fraudsters looking to make an easy buck at the expense of health care benefit programs such as AFLAC, generally, from perpetrating similar frauds in the future.

Concerning the defendant's history and circumstances, she deserves credit for early acceptance of responsibility and admitting her actions before being formally charged. That said, the portrait set forth in the PSR is not one that excuses the defendant's behavior, nor provides a reason to depart from the guidelines or impose a more lenient sentence than the one proposed.

Finally, concerning unwarranted sentencing disparities, a sentencing court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" by "correctly calculat[ing] and carefully review[ing] the Guidelines range." *Gall v. United States*, 552 U.S. 38, 54 (2007). "[I]mposing a within-guidelines sentence is the surest way to avoid unwarranted disparities." *United States v. White*, 737 F.3d 1121, 1145 (7th Cir. 2013). Here it should also be noted that on June 26, 2025, the Court sentenced Roland Harris, another WMATA employee, following his plea of guilty to one count of Health Care Fraud, in violation of 18 U.S.C. § 1347. *See* Case. No. 1:24-cr-00540-RC. There, the Court sentenced Harris to three years of probation. While the offense conduct in that case—submitting numerous fraudulent health care and disability claims to AFLAC, resulting in a loss of $45,215.17—is similar to the conduct for which Foreman is being sentenced, Foreman's conduct is potentially more problematic insofar as she conspired with another WMATA employee—Shropshire—to submit her claims. That said, the government believes the recommended within-guidelines sentence is appropriate.

## IV. Restitution and Forfeiture

As part of the Information and plea agreement in this case, the defendant agreed to the entry of a forfeiture money judgment, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. §

2461(c).   Based upon the facts set forth in the statement of offense and the PSR, the forfeiture money judgment against Foreman should be in the amount of $81,206.81.   A proposed final order of forfeiture is attached to this memorandum.

In addition to forfeiture, the defendant also should be ordered to pay restitution in the total amount of $81,206.81, to be disbursed from the Court to AFLAC.   Mandatory restitution applies in this case under 18 U.S.C. § 3663A.

## **CONCLUSION**

The defendant's conduct must not be taken lightly.   Conspiring to forge medical records and defraud health care benefit programs such as AFLAC is serious.   The defendant, however, admitted her wrongdoing and took responsibility for her actions.

WHEREFORE, for the foregoing reasons, the Court should sentence the defendant to a term of three years of probation, order restitution in the amount of $81,206.81, and issue a consent order of forfeiture with a money judgment in the amount of $81,206.81.   This guidelines sentence is appropriate given all the § 3553(a) factors here.   Such a sentence would be sufficient but not greater than necessary to achieve the purposes of sentencing.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney
for the District of Columbia

By:        */s/ Brian P. Kelly*
BRIAN P. KELLY
D.C. Bar No. 983689
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov